NATIONAL SURETY COMPANY, PETITIONER, v. ROSSY, DISTRICT JUDGE, DEFENDANT.

PETITION for writ of *certiorari* to the Judge of the District Court of San Juan, Section 2.

No. 103.—Decided June 28, 1913.

CERTIORARI—REMOVAL TO FEDERAL COURT.—The petitioning company was one of two defendants in a suit brought against them by The People of Porto Rico in the District Court of San Juan, Section 2, and filed a motion in that court for the removal of the case to the District Court of the United States for Porto Rico based on the Act of Congress of March 2, 1901, enlarging the jurisdiction of said court. The motion for removal was overruled and the present petition for a writ of *certiorari* was presented to this court. It was held that the overruling of the motion for removal did not constitute an infraction of any law of procedure, and therefore the *Certiorari* Act of March 10, 1904, cannot be invoked.

The facts are stated in the opinion.
*Messrs. Martínez* and *Besosa* for petitioner.
*Mr. Charles E. Foote,* fiscal, for defendant.
MR. JUSTICE WOLF delivered the opinion of the court.
The District Court of San Juan, Section 2, refused to

transfer a case to the District Court of the United States for Porto Rico after a petition to that effect had been made before said District Court of San Juan. The People of Porto Rico was the complainant in the court below and the National Surety Company was one of the two defendants, and bases its right of transfer on the law of Congress of March 2, 1901, whereby the jurisdiction of the District Court of the United States for Porto Rico, in civil cases, should "in addition to that conferred by the Act of April 12, 1900, extend to and embrace controversies where the parties or either of them are citizens of the United States, or citizens or subjects of a foreign State or States, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of one thousand dollars," and hence brought this writ of *certiorari*. The *fiscal* of this court presented authorities to show that this jurisdiction of a United States court dependent upon diverse citizenship did not extend to a case where a State brought a suit and maintained that The People of Porto Rico, in this regard, fell under the same head as a State. We are inclined to agree with the *fiscal*, but the application here, however, is one in *certiorari*, wherein our jurisdiction is limited to ordering the annulment of orders and judgments when the procedure is not according to law. The petitioner does not allege or show that the court is violating any rule of procedure, but merely that the court has failed to perform a duty. The petitioner objects to the refusal of the court to grant his petition of transfer. Hence, there was no infraction of law which may be corrected under the statute of *certiorari* of March 10, 1904. The writ of *certiorari* must be annulled.

   *Petition denied and writ of certiorari quashed.*

  Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.